## 29664. INGRAM v. THE STATE.

NICHOLS, Chief Justice.

Appellant was convicted in the Superior Court of Bibb County for armed robbery and received a 12-year sentence. His motion for new trial, based solely upon the general grounds, was overruled. He appeals and enumerates as error that the evidence was insufficient to support the verdict.

The state introduced evidence to show that appellant entered a food store in Macon, Georgia, and at gun point ordered the store manager and another store employee to hand over all the money in the cash registers containing approximately $250. He then ordered the manager, the employee, and two customers into a back room where he checked the store safe which happened to be empty. He then fled and was apprehended several hours later as the result of a shooting incident in a Macon bar.

The store manager, the store employee, and one of the two customers present in the store at the time of the

robbery positively identified appellant at trial as the perpetrator. All gave essentially the same version of the events transpiring during the course of the robbery and all testified that the pistol recovered from the scene of the shooting incident where appellant was arrested was similar to the weapon used in the robbery. The state introduced a full confession made by appellant, the voluntariness of which is not challenged.

Appellant's attack upon the sufficiency of the evidence is based primarily upon the contention that the store manager's testimony was vague and uncertain. His testimony included such statements as "I believe he said 'Get a bag or something'"; "He was about my build, maybe a little heavier, I don't know"; and "My mind wasn't the clearest at the time, I guess." Appellant also cites an alleged conflict in the testimony of the store manager and the store employee concerning the extent of the conversation which took place during the robbery. Appellant further refers to the fact that the arresting officer could not remember such details as the defendant's name or the names of the detective who responded to the call concerning the shooting incident. Appellant also points out that only one of the three witnesses referred in his testimony to the fact that appellant had a moustache at the time of the robbery.

Although the testimony of some of the witnesses may have been somewhat vague concerning some details of the robbery and in one instance may have been conflicting, it is the duty of this court "to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury." *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891). The evidence in this case was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 17, 1975 — DECIDED
FEBRUARY 25, 1975.

*Shepard & Berenthien, Helen Berenthien,* for appellant.

*Fred M. Hasty, District Attorney, Arthur K. Bolton,*

*Attorney General, Lois F. Oakley,* for appellee.